```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
LEONARD KAHN,

                            Plaintiff,
    -against-                                              MEMORANDUM AND ORDER
GEE BROADCASTING, INC.                                     07-CV-1370 (ENV) (LB)

                            Defendant.[1]
-------------------------------------------------------x
```

**BLOOM, United States Magistrate Judge:**

Leonard Kahn, a resident of New York, brings this *pro se* action captioned as a "Motion For Change of Venue & Counterclaim." Kahn in actuality seeks to remove a breach of contract complaint pending against his company, Kahn Communications, Inc., in Virginia state court to this court. Although Kahn paid the filing fee to bring a civil action, his application is construed as a notice of removal pursuant to 28 U.S.C. §§ 1441 - 1446 and is denied for the following reasons.

## BACKGROUND

In January 2007, Gee Communication, a Virginia corporation, filed a breach of contract and breach of warranties action against Kahn Communications, Inc., in the Circuit Court for the City of Richmond. ("Gee Compl." attached to Kahn's "motion"). According to that complaint, Gee Communications ("Gee") previously operated AM radio station WXGI in Richmond, Virginia. See Gee Compl. at 1. On December 26, 2005, Leonard Kahn, doing business as Kahn Communications ("Kahn"), sold Gee a device called a "Gam-D Box" together with a "STR-84 Exciter" ("the equipment") for $41,000. Gee Compl. at ¶ 4. According to Gee, Kahn warranted that he would

---

[1] This action was mistakenly opened listing Leonard R. Kahn as the plaintiff and Gee Broadcasting, Inc., as the defendant; the caption should be as it appears in the Circuit Court for the City of Richmond, Virginia: Gee Communication, Inc., Plaintiff, v. Kahn Communications, Inc., Defendant.



install the equipment and that the equipment would allow the WXGI coverage to double during day and night hours and that the equipment would give Gee's signal a significant reduction in interference, resulting in a louder and clearer signal. Gee Compl. at ¶¶ 7, 8. Gee alleges that following installation, the WXGI coverage was impaired, coverage was not doubled, there was no significant reduction of interference, the signal was not louder or clearer and the equipment diminished the quality of the signal. Gee Compl. at ¶¶ 10.11. Gee alleges that Kahn made material and fraudulent misrepresentations to Gee and that the equipment Kahn sold to Gee was not merchantable. Gee Comp. at ¶¶ 12-16. Gee further alleges that on or about April 14, 2006, Gee sought a remedy of the problem from Kahn or the return of the purchase price. Gee alleges that Kahn did not remedy the situation or return Gee's money. Gee Compl. at ¶¶ 17-18. Gee seeks damages in the amount of $1,143,000. Gee Compl. at ¶ 25. Kahn seeks to remove the Richmond, Virginia action to this court.

## DISCUSSION

*Pro Se* Status

As an initial matter, although Kahn paid the $350 statutory filing fee to bring a civil action, he cannot represent Kahn Communications, Inc., in federal court. The state court action in Virginia was filed against Kahn Communications, Inc., not against Kahn individually. See Gee Compl. A *pro se* plaintiff may not represent the interests of another individual or corporate entity in a civil proceeding. See, e.g., Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997) ("[A]ppearance *pro se* denotes (in law Latin) appearance for one's self; so that a person ordinarily may not appear *pro se* the cause of another person or entity"). Thus, corporations cannot proceed *pro se*. See Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993) (citations omitted) ("28 U.S.C. §

2

1654 ... does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney").

Removal

Furthermore, even if Kahn Communications, Inc., retained counsel, there is no basis for this action to proceed in this district. A civil action may be removed from state court to federal court when the removing party complies with the procedure established by Congress. See 28 U.S.C. §§ 1441-1452. A case that has been removed other than in accordance with the requirements of the removal statute may be remanded to state court. See Hamilton v. Aetna Life & Cas. Co., 5 F.3d 642, 643 (2d Cir. 1993) (per curiam). The burden of establishing that a case has been properly removed rests solely on the removing party. Murray v. Deer Park Union Free Sch. Dist., 154 F.Supp.2d 424, 425-26 (E.D.N.Y. 2001). Here, Kahn has not met that burden.

First, this Court has no jurisdiction to "transfer" or "remove" a case pending in the Circuit Court of the City of Richmond. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Thus, any application for removal of this action must be made to the United States District Court for the Eastern District of Virginia, not to this Court.

Moreover, there is no way for this Court to determine whether removal would be timely. Section 1446(b) requires a notice of removal of a civil action to be filed within thirty days after receipt by the defendant of the initial pleading that provided the basis for removal. 28 U.S.C. § 1446(b). The Virginia state court summons was issued to Kahn Communications, Inc., on January

3

23, 2007, but Kahn did not file the instant "motion" in this Court until April 2, 2007. Therefore, it appears that removal would be untimely. See, e.g., Murray, 154 F.Supp.2d at 426; Staino v. Matsushita Elec. Corp. of Am., No. 98 Civ. 8514 (SAS), 1999 WL 102757, at *2 (S.D.N.Y. Feb. 24, 1999).

## CONCLUSION

For all of the reasons stated herein, the instant "Motion For Change of Venue & Counterclaim" is denied. The Clerk of Court shall close this case.

SO ORDERED.

LOIS BLOOM
United States Magistrate Judge

Dated: April 19, 2007
Brooklyn, New York